## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD H. BEMIS, SR., D.C. and
MARK J. EAVENSON, D.C. d/b/a
MULTI-CARE SPECIALISTS, P.C. and
ACUNA, PT, individually and on behalf
of all others similarly situated,**

        **Plaintiffs,**

**vs.**

**ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY, a member
of Nationwide Insurance, AMCO
INSURANCE COMPANY and
NATIONWIDE MUTUAL INSURANCE
COMPANY,**

        **Defendants.**                   **Case No. 05-CV-00751 DRH**

## <u>ORDER</u>

**HERNDON, District Judge:**

Now before the Court is Plaintiffs' Motion to Stay Briefing on Defendants'

Motions to Dismiss, or Alternatively, to Stay Proceedings Pending a Ruling on

Jurisdictional Issues (Doc. 29) and also Plaintiffs' Motion for Extension of Time to

Respond to Defendants' Motions to Dismiss (Doc. 32). On October 17, 2005, this

case was removed from the Circuit Court of Madison County, Illinois, to this Court.

(Doc. 1.) Plaintiffs filed a Motion to Remand on December 22, 2005. (Doc. 20.)

Defendants filed their opposing response to Plaintiffs' Motion to Remand. (Doc. 31.)

Additionally, defendant Nationwide Mutual Insurance Company has filed a Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 23) and defendants Allied Property & Casualty Insurance Company and Amco Insurance Company together have filed their Joint Motion to Dismiss (Doc. 24).

Shortly thereafter, Plaintiffs filed their Motion to Stay, requesting that the Court order to stay the briefing deadlines for both of the defendants' Motions to Dismiss, pending the Court's ruling on Plaintiffs' Motion to Remand.  (Doc. 29.) Defendants' responded to the Motion to Stay, stating that they had no objection to Plaintiffs' request.  (Doc. 30.)  As the Court had not yet addressed Plaintiffs' Motion to Stay by the date their response to the Motions to Dismiss were due, Plaintiffs then filed a Motion for Extension of Time, requesting additional an additional 30 days following the Court's ruling on their Motion to Stay, or in the alternative, for the Court to stay proceedings pending a ruling on the jurisdictional issues.  (Doc. 32.)

The fact that Defendants have no objection to a stay of proceedings and because if a remand were granted, the Court would not rule upon further dispositive motions for lack of jurisdiction, seems to warrant some type of relief in this instance. However, the Court does not believe that a stay of all proceedings is necessary - the parties can still elect to continue with pre-trial discovery, which will be necessary regardless of whether the case remains with this Court or is remanded back to state court.  Therefore, the Court finds that by staying any further briefing on Defendants' Motions to Dismiss, pending the Court's ruling on Plaintiffs' Motion to Remand, will be more than sufficient in this instance.  As such, the Court hereby **GRANTS**

Plaintiff's Motion to Stay (Doc. 29.) and **STAYS** all further briefing in regards to

Defendants' Motions to Dismiss (Docs. 23 & 24) and any further dispositive motions

the parties may chose to file in the interim, until the Court rules upon Plaintiffs'

Motion to Remand (Doc. 20), at which time, the Court will address a revised briefing

schedule for the parties.  The Court clarifies that this Order does *not* place a stay

upon all proceedings.  The parties may continue with discovery efforts and other

miscellaneous matters.  Further, because the Court has granted Plaintiffs' Motion to

Stay, it finds as **MOOT** Plaintiffs' Motion for Extension of Time (Doc. 32), as once it

determines the motion to remand, the Court will set out a revised briefing schedule

at that time.

   **IT IS SO ORDERED.**

   Signed this 26th day of January, 2006.


           /s/    David RHerndon
           **United States District Judge**