IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD H. BEMIS, Sr., D.C., and
MARK J. EAVENSON, D.C., d/b/a
MULTI-CARE SPECIALISTS, P.C. and
ACUNA, PT, individually and on behalf
of others similarly situated,

       Plaintiffs,

v.

ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY, a member of
Nationwide Insurance, AMCO INSURANCE
COMPANY and NATIONWIDE MUTUAL
INSURANCE COMPANY,

       Defendants.                       Case No. 05-cv-751-DRH

MEMORANDUM & ORDER

HERNDON, District Judge:

I.  INTRODUCTION & BACKGROUND

      Before the Court is Plaintiffs' Motion to Remand (Doc. 20), to which

defendant Nationwide Mutual Insurance Company ("NMIC") has filed its opposing

Response (Doc. 31), subsequently prompting Plaintiffs to thereafter file their Reply

(Doc. 34).

      On September 14, 2004, plaintiffs Gerald H. Bemis, Sr., D.C., and Mark

J. Eavenson, D.C., d/b/a Multi-Care Specialists, P.C. ("Multi-Care") filed a class

action against Allied Property & Casualty Ins. Co. ("Allied"), AMCO Ins. Co.

("AMCO"), and Nationwide Mutual Ins. Co. ("NMIC"), for Defendants' affiliates' alleged systematic and improper computer reduction of medical bills for services provided by licensed medical providers covered under the medical payments ("Medpay") provision of property and casualty insurance policies, issued or underwritten by Defendants (Doc. 21, p. 2).[1]  Plaintiffs filed this class action in the Circuit Court of Madison County, Illinois.  Plaintiffs sought leave to file a First Amended Complaint with the state court on February 16, 2005, so that they could add Acuna, P.T. ("Acuna") as an additional named plaintiff/class representative (*Id*.).

The state court granted Plaintiffs' motion on September 16, 2005, allowing Plaintiffs to file their First Amended Complaint.  Thereafter, on October 17, 2005, NMIC removed this class action to federal district court (Doc. 1).  NMIC's basis for removal was the Class Action Fairness Act ("CAFA"), codified under **28 U.S.C. §§ 1332(d)** and **1453**, pursuant to Public Law 109-2, 119 Stat. 4 (2005).  NMIC asserts that when Plaintiffs amended their class action Complaint, it "commenced" a new action after CAFA's effective date (which is February 18, 2005), thereby making it appropriate for removal (Doc. 1).

Plaintiffs filed their Motion to Remand and supporting memorandum (Docs. 20 & 21).  Essentially, Plaintiffs' argument for remand is that NMIC incorrectly based its removal upon CAFA.  Plaintiffs assert that CAFA jurisdiction

---

[1]  Both Bemis and Eavenson are providers who billed their patients and were assigned by their respective patients' any cause of action against the applicable insurance company obligated by policy to make payment for provider services.

does not exist because the addition of a plaintiff (Acuna) to a pre-CAFA class action does not "commence" a new class action (Doc. 21, p. 1).   Additionally, Plaintiffs argue NMIC has failed to present competent proof of the CAFA amount in controversy – simply declaring in an affidavit that the amount in controversy exceeds the sum or value of $5,000,000 does not meet their burden of proof of CAFA jurisdiction (*Id*. at 14-16).   Lastly, Plaintiffs request their attorneys fees and costs incurred as a result of the removal.

In determining the appropriateness of a remand in this case, the Court must therefore resolve the issue of whether CAFA applies to warrant Defendants' removal.   Although both parties have extensive briefed the issue, at the time the Plaintiffs' Motion to Remand and NMIC's opposing Response were filed, there was no existing Seventh Circuit opinion addressing this particular issue.   However, since the NMIC's Response, two Seventh Circuit opinions have been issued, which were subsequently briefed by the parties, beginning with Plaintiffs' Reply and NMIC's Notice of Supplemental Authority (Docs. 37-39).   While the parties make valid arguments based upon analogous opinions by various district courts and sister circuits, the Court must adhere to the findings of the Seventh Circuit and therefore, will largely use these two opinions as guidance in analyzing the facts and the parties' respective arguments, rather than the other cases discussed in the briefings.

## II. <u>ANALYSIS</u>

**A.    CLASS ACTION FAIRNESS ACT ("CAFA")**

The Class Action Fairness Act ("CAFA"), enacted by Congress on February 18, 2005, alters the traditional requirements for federal diversity jurisdiction in class actions.  However, CAFA is not retroactive and therefore only applies to class actions which are "commenced on or after the date of enactment . . ." of February 18, 2005.  Pub. L. 109-2, § 9, 119 Stat. 4 (2005).  For applicable cases, CAFA gives district courts original jurisdiction over a civil "class action . . ." with an amount in controversy in excess of $5,000,000.  **28 U.S.C. § 1332(d)**. Therefore, class actions fitting within the scope of CAFA are removable in accordance with **28 U.S.C. § 1446**.  *See* **28 U.S.C. § 1453(b)**.

As Plaintiffs' class action Complaint in this case was filed before CAFA's enactment date of February 18, 2005, it is considered "pre-CAFA" and therefore, not within the ambit of CAFA's grant of original federal jurisdiction.   Yet, Plaintiffs amended their class action Complaint in order to add Acuna as a named plaintiff/class representative *after* the CAFA enactment date.  Therefore, the specific issue to be determine is whether Plaintiffs' act of amending their class action Complaint is considered "commencing" a new action, in order to trigger the applicability of CAFA to allow for removal of this case to federal district court. Further, when considering a motion to remand an action removed on the basis of CAFA, NMIC, as the removing party, bears the burden of persuasion to show that

proper federal jurisdiction exists.  ***Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)**.

**B.     SEVENTH CIRCUIT OPINIONS**

Since Plaintiff's Motion to Remand was filed, there have been two germane Seventh Circuit opinions issued:  ***Knudsen v. Liberty Mutual Ins. Co.*, 435 F.3d 755 (7th Cir. 2006) ("*Knudsen* II")** and ***Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006)**.

**1.     *Knudsen v. Liberty Mutual Insurance Company***

***Knudsen*** II was actually the second time the Seventh Circuit had reviewed the case on appeal – the previous year the appellate court had found that the initial removal of the suit "was unavailing, because the suit had been 'commenced' in state court before February 18, 2005, the new Act's effective date." **Knudsen II, 435 F.3d at 755 (citing *Knudsen* I, 411 F.3d 805 (7th Cir. 2005))**. In ***Knudsen*** I, the plaintiffs alleged in their class action complaint "that Liberty Mutual pays unjustifiably little on claims for medical services under workers' compensation and casualty (accident) policies." **Id. at 755-56**.  However, the plaintiffs subsequently amended their complaint, requesting an expansion of the class to make Liberty Mutual "responsible for *all* policies issued by *any* subsidiary or affiliate, about 35 firms in all . . . so that Liberty Mutual would be compelled to pay without proof that an affiliate had failed to honor any policy." **Id. at 756**.  The state court certified the class on September 29, 2005, and Liberty Mutual (still the

only named defendant) again removed the suit pursuant to CAFA.  *Id.* **at 757**. Although the district court granted a remand, on appeal this second time, the Seventh Circuit found otherwise.  *Id.*

The district court incorrectly found that because Liberty Mutual remained the only defendant, the "commencement" date was still the time of filing the original complaint, which was pre-CAFA.  *Id.*  Yet, the Seventh Circuit found that even though Liberty Mutual was still the only named defendant in the suit, because the class definition had changed from the plaintiffs' original complaint, it was now faced with new claims for relief.  *Id.*  In other words, even though the substantive nature of the plaintiffs' claims still involved improper medical billing, the scope of Liberty Mutual's liability was now considerably broadened – as it was also now liable for its affiliates and subsidiaries. **Id. at 757-58**.  The plaintiffs' original complaint did not appear to provide requisite notice of Liberty Mutual's potential liability for its affiliates and subsidiaries in order for relation-back principles to apply. Therefore, even though the defendant remained the same exclusive party after the amendment, due to the expansion of the class definition, the Seventh Circuit found that the amended complaint contained new claims, amounting to "commencement" of a new action, which triggered CAFA and made removal appropriate.  **Id. at 758**.

### 2.   *Phillips v. Ford Motor Company*

Three days after issuing their opinion in ***Knudsen*** **II**, the Seventh Circuit's opinion in ***Phillips*** was released.  ***Phillips v. Ford Motor Co.***, **435 F.3d**

**785 (7th Cir. 2006)**.  In *Phillips*, the issue examined on appeal was "whether amending a complaint to add or substitute named plaintiffs (class representatives) 'commences' a new suit," when the suit was originally filed pre-CAFA, but the amendment was post-CAFA.  *Id. at 786*.  It was noted that "[n]o appellate court has yet decided whether adding named plaintiffs to a class action suit 'commences' a new suit for purposes of removal under CAFA."  *Id.*

The opinion actually reviewed two class actions consolidated on appeal from orders remanding each back to state court.  *Id.*  The first class action on appeal – the *Phillips* class action – stated claims about the paint jobs on cars manufactured by defendant Ford Motor Company.  *Id.*  The plaintiffs first alleged a class consisting of purchasers of 1988 through 1997 Ford models, but then amended their class action complaint to limit the class members to purchasers of 1989 through 1995 model years.  *Id.*  However, because the district judge certified a class which also included 1996 model year purchasers, the plaintiffs amended their class action complaint a second time to include these 1996 purchaser class members.  *Id.*  This second amendment was made after CAFA's enactment date.

Similarly, the second case reviewed in this opinion was the *Boxdorfer* class action, in which the plaintiffs brought claims against defendant DaimlerChrysler Corporation, pre-CAFA.  *Id.*  The plaintiffs proceeded to amend their class action complaint, post-CAFA, to add named plaintiffs/class representatives.  However, these new named plaintiffs were members of the original

class, added because there was a possibility that the original named plaintiffs' claims were time-barred.  **Id.**

   The Seventh Circuit reasoned that a "routine" amendment of a class action complaint would not equate to "commencing" a new action for the purposes of triggering CAFA removal.  **Id. (citing *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005))**.  As such, it was necessary for the Seventh Circuit to determine whether adding a plaintiff(s) to a class action suit could be considered "routine."  **Id.**  Examining this inquiry, the Seventh Circuit observed the customary class action procedure of substituting "unnamed class members for named plaintiffs who fall out of the case because of settlement or other reason" was considered a "routine" practice in both federal and Illinois state courts.  **Id. at 787 (citations omitted).**

   Fine-tuning their analysis, the Seventh Circuit then reasoned that because the real issue was "whether adding named plaintiffs commences a new suit *in state court*, the answer should depend on state procedural law."  **Id. (emphasis in original)**.  Under Illinois law, an amendment which "relates back" to the original complaint will not "commence" a new suit for CAFA purposes.  **Id. at 787-88**.  In fact, under both Illinois and federal law, an amendment relates back when it arises out of 'the same transaction or occurrence set up in the original pleading.' "  **Id. at 788 (citations omitted)**.  Therefore, because the Seventh Circuit found that the claims of the new plaintiffs in both class actions on appeal "related back" to the

claims in the original complaint, the plaintiffs' amendments were merely "routine," and did not commence a new action.  **Id.**  As the district court had remanded these cases using like analysis, the Seventh Circuit affirmed the decisions to remand, finding CAFA was not triggered by the amendment of the *Phillips* or *Boxdorfer* class action complaints.  **Id.**

C.    **WHETHER PLAINTIFFS' AMENDMENT "COMMENCED" A NEW ACTION**

In sum, the guidance as laid out by the Seventh Circuit in both **Knudsen II** and **Phillips** shows that when a pre-CAFA class action complaint is amended post-CAFA to add named plaintiffs, a court must focus on the substance of the suit.  If the amendment does not sufficiently arise from the same transaction or occurrence so as to relate back to the original class action complaint, presumably new claims have been plead – regardless of whether new named plaintiffs or defendants have been added to the case.  If the defendants' scope of liability has broadened since the amendment of the class action complaint, it is certainly likely new claims have been plead – again, regardless of whether new named plaintiffs or defendants have been added as parties to the case.

In this case, Plaintiffs have amended their class action Complaint to add Acuna as a new named plaintiff/class representative,  Plaintiffs argue that this amendment "relates back" to the original complaint because the causes of action already alleged in the original Complaint remain the same: breach of contract and statutory fraud.  Further, Plaintiffs state that amendment did not alter the class

definition[2] (Doc. 34, p. 3).  Essentially, Plaintiffs assert that Acuna was simply an unnamed class member who, upon amendment, became a class representative alleging the same claims as already plead against Defendants in the original class action Complaint; namely, that Defendants reviewed the Plaintiffs' various insurance policies and took improper deductions (*Id*.)  Further, NMIC was a defendant in the original class action Complaint involving the same allegations made against it, so Plaintiffs argue that there is no reason NMIC did not have adequate notice of liability it may face for Acuna's claims (as an unnamed class member in their original class action Complaint) (Doc. 38, p. 2).

In its opposing Response to Plaintiffs' Motion for Remand, NMIC first clarifies that Plaintiffs' pleadings contain some misnomers (Doc. 31, p. 2).  In particular, NMIC states that Plaintiffs incorrectly identify defendant Allied as "Nationwide Property & Casualty Ins. Co., a member of Nationwide Insurance."  Also, NMIC feels it inappropriate for Plaintiffs to lump all the Defendants together liability-wise, as all are distinct corporate entities.  NMIC further contends that by adding Acuna as a named party, Plaintiffs are injecting a class of NMIC insureds and their policies, claims, etc., onto the previously existing asserted class of claimants who

---

[2]  Definition of Ps' class in First Amended Complaint:

> All insured persons or licensed medical providers who: (a) submitted first-party medical claims to Defendants pursuant to a property or casualty insurance policy; (b) had their claim submitted to computer review, (c) received or were tendered partial payment but in an amount less than the submitted medical expenses, and (d) received or were tendered an amount less than the stated policy limits.

were insured by and had their policies adjusted by AMCO/Allied (Doc. 31, p. 14).

Moreover, NMIC states that while it is now the ultimate parent company of AMCO and Allied, this was not the case during a significant period of time that plaintiffs Bemis and Eavenson (Multi-Care) seek to cover in their claims.  NMIC argues that Plaintiffs fail to allege facts which would appear to make either NMIC or Allied liable for AMCO policies (both plaintiffs Bemis and Eavenson are medical providers and their patients had policies issued by AMCO).[3]  Further, NMIC takes issue with the fact that a near-duplicative lawsuit involving itself and Acuna was previously filed in Texas state court.  This is known as the *Garza* action,[4] a 2002 putative class action in Texas state court filed by Plaintiffs' counsel against NMIC, Nationwide Property & Casualty Inc. Co., and Nationwide General Ins. Co. (*Id*.).  Acuna is considered a member of the *Garza* class, however, neither AMCO nor Allied are named as defendants (*Id*. at 14-15).

In this suit, NMIC notes that plaintiff Bemis' claims only apply to a policy issued by AMCO, which is reviewed by Allied.  Bemis asserts claims for breach of contract and violation of the Illinois Consumer Fraud Act.  Plaintiff Eavenson's

---

[3]  The Court notes that contrary to NMIC's assertions, in their amended class action Complaint, Plaintiffs allege that when claims payments are made, they are made by NMIC, irrespective of whether the claim is "insured" by Allied or AMCO.  They also allege that NMIC underwrites and/or reinsures all policies issued by Defendants (Doc. 2, ¶¶ 42-44).

[4]  NMIC explains that plaintiff Acuna is a physical therapy provider and bases its claims in the instant suit upon an assignment from its patient, Yolanda Garza.  Ms. Garza is the named plaintiff in a Texas state action alleging substantially the same claims now alleged by Acuna in this suit.  NMIC questions whether this is merely duplicative litigation and whether Acuna actually has standing, as it has only plead assignment, but Plaintiffs have not explained how Ms. Garza could assign her rights and assert them in a separate suit at the same time.

claims are also pursuant to a policy issued by AMCO, which is reviewed by Allied. Eavenson asserts claims for unjust enrichment and violation of the Illinois Consumer Fraud Act (bult does not allege a breach of contract claim because Illinois Workers Compensation Act precludes assignment of an injured workers' claims to a provider).

Plaintiffs alleged that Allied merged with Nationwide in 1998 and is therefore a "member" of NMIC (Doc. 31, p. 18, citing Compl., ¶ 31).  Plaintiffs also allege AMCO's policies were effectively underwritten by NMIC (*Id.*, citing Compl,, ¶ 33).  NMIC states that it did *not* merge with Allied, but had become, on November 17, 1998, the parent company of Allied Group, Inc., which is itself the parent of Allied and AMCO (Doc. 31, p. 18, n. 8, citing Doc. 6).  To summarize, NMIC argues that Acuna's claims arise out of a completely distinct policy form, issued by a distinct entity, concerning a claims and bill review adjustment procedure distinct from the claims alleged by plaintiffs Bemis and Eavenson.[5]

As noted in **_Brill_**, the removing party has the burden of proving federal jurisdiction – in other words, NMIC must show that Plaintiff's amendment to their class action Complaint properly triggered CAFA to allow for removal.  Although NMIC raises several questions as to Plaintiffs' motives in filing the instant class action suit, given the existence of the *Garza* case and plaintiff Eavenson's own putative class action also filed in the circuit court of Madison County, Illinois, that issue is not currently before the Court.

---

[5] NMIC indicates in footnote it can provide court with materials obtained from discovery in the *Garza* class action suit to prove this.

This is not a lack of notice problem. NMIC was an original party defendant in this case – Plaintiffs' amendment did not change this. Therefore, NMIC was aware that it faced liability for the class members' claims. Similarly, the class definition did not change upon amendment of the class action Complaint. Plaintiffs were granted leave by the state court in order to file their amended class action Complaint. Although the state court did not state its rationale in granting Plaintiffs leave, it is evident the Court found that the amendment related back to Plaintiffs' original Complaint – otherwise, leave would have been denied or the action would have needed to be re-filed as a new case.

Unlike the amendment at issue in ***Knudsen*** II, Plaintiffs amended their class action Complaint in order to include Acuna among the named plaintiffs/class representatives. However, Acuna fit within the original class definition and therefore, was considered an unnamed member of the original class action Complaint. As such, NMIC's liability has not broadened in scope due to this amendment. At least, NMIC has not adequately shown as much, save for the unsubstantiated assertions it makes in its briefings; merely claiming that its policies and billing procedures are separate and distinct from the other Defendants is not enough to meet its burden of proof when Plaintiffs allege the opposite. "Any doubt regarding jurisdiction should be resolved in favor of the states." ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)(citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976))**.

Plaintiffs' amendment adding Acuna as a named plaintiff/class representative does not appear, at this stage, to substantively alter the class definition or to broaden NMIC's scope of liability.  Instead, it appears that the amendment relates back to the same transaction or series of occurrences as stated in Plaintiff's original class action Complaint: improper deductions made regarding medical claims caused by insurance billing review systems.  Therefore, new claims were not stated – an unnamed party was merely added as a named party, which is a routine amendment.  Following the Seventh Circuit's ruling in **Phillips**, Plaintiffs' amendment does not constitute "commencement" of a new action for purposes of triggering CAFA removal.[6]  Therefore, this case must be remanded for lack of federal jurisdiction.

In their Motion to Remand, Plaintiffs also seek reasonable attorneys' fees and costs incurred as a result of this removal (Doc. 20, ¶ 7).  The Court finds that because at the time NMIC removed this case, there was no clear binding precedent regarding the issue in the instant matter, NMIC's removal was not "improvident."  As such, because it is a discretionary remedy provided under **28 U.S.C. § 1447(c)**, the Court declines to award Plaintiffs their attorneys fees and costs.

---

[6]  Because the Court finds that the amendment to Plaintiffs' class action Complaint did not "commence" a new action to trigger CAFA removal, it need not reach the issue of whether the proper amount in controversy of $5,000,000 exists under CAFA, as argued by Plaintiffs.

## III.  <u>CONCLUSION</u>

Because the Court finds that Plaintiffs' amendment adding Acuna as a named plaintiff/class representative to their class action Complaint did not equate to "commencing" a new action, removal of this case by NMIC pursuant to CAFA was improper because the original Complaint was filed before CAFA's enactment date. Therefore, Plaintiffs' Motion to Remand (Doc. 20) is **GRANTED**, as the Court finds it lacks jurisdiction over this case, each party to bear its own expense.  Accordingly, the Clerk of the Court is directed to **REMAND** this case back to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

Signed this 20th day of April, 2006.

/s/          David  RHerndon
**United States District Judge**